IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL 22 2014
ARTHUR JOHNSTON
BY_____ DEPUTY

UNITED STATES

v.                                                    CRIMINAL NO. 2:14cr29KS-MTP

JAMIE E. JACKSON and                                  18 USC § 641
BYRON J. COLLINS                                      18 USC § 1343
                                                      18 USC § 1001

**The Grand Jury Charges:**

At all times relevant to this indictment:

1. The defendant, **JAMIE E. JACKSON,** was a commissioned officer in the Mississippi Army National Guard.

2. The defendant, **BYRON J. COLLINS,** was an enlisted soldier in the Mississippi Army National Guard.

3. The Guard Recruiter Assistance Program (GRAP) provided financial incentives to soldiers to assist in recruiting potential soldiers into the National Guard. All enlisted soldiers were eligible to receive incentive payments through the GRAP, except for soldiers whose primary job was as a recruiter. Commissioned Officers were not eligible to participate in the GRAP.

4. In order to participate in the GRAP, a soldier created a GRAP account via the Internet. Access to the GRAP account was controlled by a username and a password.

5. In order to obtain a GRAP account, the soldier had to complete an online training course that explained the eligibility criteria and how he GRAP program worked.

6. GRAP incentive payments were made by direct deposit to an account at a financial institution designated by the soldier, or to a pre-paid debit card provided to the soldier.

7. A soldier would receive $1,000 for the enlistment of each potential solider he or she assisted in recruiting to the National Guard. The soldier would receive an additional $1,000 when the potential soldier graduated from basic training.

COUNTS 1-6

8. On or about the dates listed below, in Forrest County in the Eastern Division of the Southern District of Mississippi and elsewhere, the defendant, **JAMIE E. JACKSON,** aided and abetted by others known and unknown to the Grand Jury, did steal, purloin and knowingly convert to his own use, greater than $1,000.00 in funds belonging to the United States of America by receiving GRAP incentive payments from the Mississippi National Guard, which were deposited into a bank account held at Trustmark Bank, to which the defendant, **JAMIE E. JACKSON,** knew he was not entitled.

| COUNT | AMOUNT | POTENTIAL SOLDIER | DATE OF DEPOSIT |
|---|---|---|---|
| 1 | $1,500.00 | J.H. | 3/11/2010 |
| 2 | $1,000.00 | J.H. | 4/14/2010 |
| 3 | $1,000.00 | J.M. | 6/8/2010 |
| 4 | $1,000.00 | J.M. | 1/7/2011 |
| 5 | $1,000.00 | S.W. | 2/9/2010 |
| 6 | $1,000.00 | S.W. | 5/12/2010 |

All in violation of Sections 641 and 2, Title 18, United States Code.

Counts 7-12

9.  That on or about the dates listed in the chart below, in Forrest County in the Eastern Division of the Southern District of Mississippi and elsewhere, the defendant, **JAMIE E. JACKSON**, aided and abetted by others known and unknown to the Grand Jury, intentionally devised and carried out a scheme to defraud the Mississippi National Guard, and to obtain money and property by means of materially false and fraudulent representations, pretenses and promises, and in furtherance thereof did cause to be transmitted in interstate commerce certain wire communications for the purpose of executing the scheme.

10. On or about the dates set forth below, within the Southern District of Mississippi, and elsewhere, defendant, **JAMIE E. JACKSON,** for the purpose of carrying out his scheme to defraud and attempting to do so, knowingly caused to be transmitted in interstate commerce, certain wire communications, that is certain writings, each item constituting a separate count herein as follows:

| COUNT | AMOUNT | POTENTIAL SOLDIER | DATE OF WIRE TRANSFER |
|---|---|---|---|
| 7 | $1,500.00 | J.H. | 3/11/2010 |
| 8 | $1,000.00 | J.H. | 4/14/2010 |
| 9 | $1,000.00 | J.M. | 6/8/2010 |
| 10 | $1,000.00 | J.M. | 1/7/2011 |
| 11 | $1,000.00 | S.W. | 2/9/2010 |
| 12 | $1,000.00 | S.W. | 5/12/2010 |

All in violation of Sections 1343 and 2, Title 18 United States Code.

COUNT 13

11.     On or about September 19, 2005, in Simpson County in the Northern Division of the Southern District of Mississippi and elsewhere, in a matter within the jurisdiction of the United States Army, an agency of the United States of America, the defendant, **BYRON J. COLLINS**, aided and abetted by others known and unknown to the Grand Jury, knowingly and willfully made or caused to be made a false and fraudulent material statement or representation, in that the defendant told a United States Secret Service Special Agent that the defendant, **BYRON J. COLLINS,** received and kept all of the GRAP incentive funds paid into a Trustmark Bank account held in his name, when in truth and in fact the Trustmark Bank account was controlled by Jamie E. Jackson, and that Jamie E. Jackson received and controlled all of the GRAP incentive payments made to the Trustmark Bank account held in the name of the defendant, **BYRON J. COLLINS.**

All in violation of Sections 1001(a)(2) and 2, Title 18, United States Code.

NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

12.     As a result of committing the offenses alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which

cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 981(a)(1)(C), Title 18, United States Code and Section 2461, Title 28, United States Code.

/s/ Gregory K. Davis
GREGORY K. DAVIS
United States Attorney

A TRUE BILL:

s/ signature redacted
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 22nd day of JULY, 2014.

_____
UNITED STATES MAGISTRATE JUDGE